**Walter LOJUK, Plaintiff–Appellant,**

v.

**Bruce JOHNSON, M.D.,**
**Defendant–Appellee.**

**No. 87–2761.**

United States Court of Appeals,
Seventh Circuit.

Argued April 8, 1988.
Decided Aug. 2, 1988.

Patrick T. Murphy, Chicago, Ill., for plaintiff-appellant.

Nancy K. Needles, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for defendant-appellee.

Before CUMMINGS, CUDAHY and POSNER, Circuit Judges.

CUMMINGS, Circuit Judge.

This litigation has already produced two opinions of this Court: *Lojuk v. Quandt,* 706 F.2d 1456 (7th Cir.1983) (*Lojuk I*), and *Lojuk v. Johnson,* 770 F.2d 619 (7th Cir. 1985) (*Lojuk II*), certiorari denied, 474 U.S. 1067, 106 S.Ct. 822, 88 L.Ed.2d 795. As a result of those cases, plaintiff Walter Lojuk's claim has been limited to the common law tort of battery, but as the Government has urged (Br. 2–3), we are retaining pendent jurisdiction originally predicated under 28 U.S.C. § 1331. *Graf v. Elgin, Joliet and Eastern Ry. Co.,* 790 F.2d 1341, 1347–48 (7th Cir.1986) (discussing general rule of *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218). Plaintiff basically asserts that while he was a patient at the Veterans Administration Medical Center at North Chicago, Illinois (VA Hospital), he did not validly consent, nor did his family consent, to the electroconvulsive therapy (ECT) administered to him in March 1979, which treatment allegedly exacerbated his mental illness and catatonic condition. This case involves Lojuk's "Fourth Amended Complaint" wherein he seeks $500,000 actual damages and $1,000,000 punitive damages from Doctors Bruce Johnson and Gary Almy.[1] Concededly officers of the Government, they are represented by the United States pursuant to 38 U.S.C. § 4116(b).

While plaintiff was a patient at the VA Hospital, Dr. Gary Almy was the Acting Chief of the Psychiatric Service, the Director of the Acute Treatment Service (ATS), and the staff psychiatrist for a unit in the ATS. He had supervisory duties over the ECT laboratory where he and several other doctors administered ECT to patients. When Dr. Almy administered ECT to a patient, he would make a note indicating the treatment in the patient's medical record. Plaintiff was never his patient, nor do plaintiff's individual medical records show that Dr. Almy treated him or administered ECT to him. Indeed the consent form which was purportedly signed by plaintiff during his hospitalization shows that the ECT was to be performed under the direction of a Dr. Krishna who may have been the actual administrator of the ECT given plaintiff.

Dr. Bruce Johnson, supervised by Dr. Ray Faber rather than by Dr. Almy, was mainly responsible for plaintiff's treatment. The consent form whose validity is in question was obtained by Dr. Johnson. When this lawsuit was filed in July 1979, Dr. Almy had no reason to believe that he was the person who had administered ECT to plaintiff. His July 1986 affidavit explains that almost certainly he did not administer ECT to plaintiff "because there is no written progress note by me [Almy] in Lojuk's medical records" (Defendant's Br. App. 3). Also, Dr. Almy's deposition does not show that he ever administered ECT to plaintiff.

In late 1985 or early 1986, a Surgical Register was located which listed Dr. Almy as the surgeon for every one of the several hundred ECT procedures performed at that VA facility from November 1978 through 1979 (except for June 1979). While Dr. Almy did not make any of those entries, he was listed as the surgeon for each ECT procedure because he was the Acting Chief and subsequent Chief of Psychiatry. Moreover, the nursing staff itself had no more exact records. Dr. Almy was unaware that the surgical record wrongly listed him as performing almost all ECT proce-

---

**1.** The United States and Marjorie Quandt, Director of the VA Hospital, were dismissed as defendants in *Lojuk I,* 706 F.2d at 1469.

dures until after plaintiff sought to file his "Fourth Amended Complaint" in February 1986.

## I

■ The only question before us is whether Dr. Almy may be added as a defendant through the proposed 1986 "Fourth Amended Complaint" after the Illinois two-year statute of limitations for battery had expired in March 1981. Ill.Rev. Stat., ch. 110, ¶ 13–202 (1985). The district court, rejecting the magistrate's recommendation to the contrary, filed a memorandum opinion denying Lojuk's motion to amend the complaint by adding Dr. Almy as a defendant under Rule 15(c) of the Federal Rules of Civil Procedure, which provides as follows:

> (c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
>
> The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Concluding that the magistrate erred in her analysis of Rule 15(c)(2), the court held that Rule 15(c) does not permit relation back where the plaintiff seeks to add a federal employee as a new party who would thereby be deprived of his statute of limitations defense.[2]

We affirm this decision because within the two-year period of limitations Dr. Almy did not receive such notice of the 1979 lawsuit that he would not be prejudiced in defending it. Cf. *Anderson v. Montgomery Ward & Co.,* 852 F.2d 1008, 1018 (7th Cir.1988). The lawsuit was filed in August 1979 against Dr. Johnson and Marjorie Quandt, who is no longer a party. See n. 1 *supra.* Plaintiff has not shown that clause (1) of Rule 15(c) was satisfied—Dr. Almy did not receive the requisite notice of suit. See *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (strictly applying Rule 15(c) literally); *Hughes v. United States,* 701 F.2d 56, 57–58 (7th Cir. 1982). Similarly, this record does not disclose that Dr. Almy should have known that this battery action would have been brought against him but for a mistake in identifying the proper party within the meaning of clause (2).

Plaintiff is therefore forced to rely on the second paragraph of Rule 15(c) which was added by amendment in 1966, a provision which has been subject to scant judicial interpretation. In our view, this paragraph was not intended to hold individual federal employees liable for batteries committed beyond the period of limitations. Plaintiff directs this Court's attention to the Advisory Committee's Notes to the 1966 Amendments adding this paragraph which, when read broadly, allegedly shows such a purpose. 39 F.R.D. 69, 83 (1966). In general, relation back was developed in order to liberalize the rules of pleading for the plaintiff without contravening the policies beyond the statute of limitations. Note, *Federal Rule of Civil Procedure 15(c): Relation Back of Amendments,* 57 Minn.L.Rev. 83, 84 n. 1 (1972). The second

---

**2.** Judgment was made final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure so that it became immediately appealable. See *Automatic Liquid Packaging, Inc. v. Dominik,* 852 F.2d 1036, 1037 (7th Cir.1988); *Cleaver v. Elias,* 852 F.2d 266, 266 (7th Cir.1988). The attempted filings of a fifth and sixth amended complaint are not before us.

paragraph of Rule 15(c), however, was added specifically to take care of situations where a person denied federal benefits did not file within the appropriate period a civil action against the federal officer denying the benefits but instead wrongly sued an improper governmental defendant. See *Paulk v. Department of Air Force*, 830 F.2d 79, 81–82 (7th Cir.1987); *Allen v. Veterans Administration*, 749 F.2d 1386, 1389 (9th Cir.1984); 3 Moore's Federal Practice ¶ 15.01[9] (2d ed. 1985); 6 Wright and Miller, Federal Practice and Procedure § 1502; Byse, *Suing the "Wrong" Defendant in Judicial Review of Federal Administrative Action: Proposals for Reform*, 77 Harv.L.Rev. 40 (1963) (criticizing courts' inconsistent application of relation back doctrine to cases in which the federal government was sued after exhaustion of administrative remedies). No comparable situation exists here. If either Congress or the drafters of the Civil Rules had intended to wipe out the defense of the statute of limitations otherwise available to federal officers, there would certainly have been a clearer indication. Instead, the 1966 Amendment adding the second paragraph to Rule 15(c) was to facilitate "a citizen's suit against his sovereign by eliminating an unnecessary trap for the unwary," Wright and Miller, *op. cit.*, as well as to dispel the confusion regarding the requirement for relation back against the Government. Note, *Looking Forward: A Fairer Application of the Relation Back Provisions of Federal Rule of Civil Procedure 15(c)*, 63 N.Y.U.L.Rev. 131, 137 (1988).

Since Dr. Almy would be prejudiced by the long delay before Lojuk sought to sue him and did not know nor should have known that but for a mistake concerning the identity of the proper party, the action should have been brought against him, there can be no relation back. "The linchpin [of the Rule] is notice, and notice within the limitations period." *Schiavone v. Fortune*, 477 U.S. 21, 31, 106 S.Ct. 2379, 2385; see also Note, Schiavone v. Fortune: *Notice Becomes a Threshold Requirement For Relation Back Under Rule 15(c)*, 65 N.C.L.Rev. 598, 609 (1987). Dr. Almy clearly did not have the requisite notice required to be added as a defendant under Rule 15(c).

## II

As an alternative argument, plaintiff urges that the doctrine of estoppel permits adding Dr. Almy as a defendant even though the statute of limitations has expired. Lojuk's basis is that the Government failed to provide him with a document showing who may have performed the surgery until a Register of Operations was discovered and made available to plaintiff in 1986.[3] The Register listed Dr. Almy, as Acting Chief and subsequently Chief of Psychiatry, as the surgeon for every ECT procedure in March 1979, but none of the records show which doctor actually administered the ECT (Defendant's Br.App. 19). The depositions do not suggest that Dr. Almy specifically was involved at all in Lojuk's treatment. Since the Register, as explained by Shirley Donatt, the nurse supervisor of the operating room at the VA Hospital, does not support Lojuk's battery claim against Dr. Almy, there is no basis for estoppel against Dr. Almy under *Pratte v. National Labor Relations Board*, 683 F.2d 1038 (7th Cir.1982), which articulated the requirements for applying estoppel against the Government and its officials. Because plaintiff wishes to sue Dr. Almy in his individual capacity, the Government's alleged delay in producing this Register cannot be used to estop Dr. Almy from using the statute of limitations as a bar to adding him as a defendant. Lojuk neither can demonstrate what "substantial" injury he has sustained by not being able to name Dr. Almy as a defendant, nor can he show any "affirmative misconduct" by the doctor or the Government. *Pratte*, 683 F.2d at 1041. Finally, the consent to treatment form executed by Lojuk shows that a Dr. Krishna was to perform or direct the ECT and yet he has never been sued, nor has Dr. Faber who was defendant Dr. Johnson's immediate superior. It is difficult to understand why plaintiff would choose not

---

**3.** A motion for sanctions is pending below with respect to the belated production of this Reg-ister.

to sue the above two doctors listed as responsible for his case. The estoppel doctrine is simply of no avail to plaintiff in his quest to add Dr. Almy as a defendant.

For the reasons discussed above, we affirm the district court's decision denying Lojuk leave to amend his complaint to add Dr. Almy as a defendant.