996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry REENTS, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF SCHOOL DISTRICT # 150, Peoria County,
Illinois, a body politic, LINDA DALEY, individually and in
her capacity as board member, FRANCIS DURAN, individually,
and in her capacity as board member, et al., Defendants-Appelles.
 No. 91-2295.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 9, 1993.*
Decided June 16, 1993.
 
 Before BAUER, Chief Judge, and FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Larry Reents filed a civil rights action against the Board of Education of School District No. 150 of Peoria, Illinois, its membership and other school officials following his suspension from his teaching position at Manual High School. The district court dismissed the action as time-barred because Reents's complaint was filed more than two years beyond both the dates the school board suspended Reents and refused to reconsider the suspension.
 
 
 2
 Reents invites us to re-examine and overrule the court's holding in Farrell v. McDonough, 966 F.2d 279 (7th Cir.1992) and Kalimara v. Illinois Dept. of Corrections, 879 F.2d 276 (7th Cir.1989) (per curiam), that section 1983 cases arising in Illinois are governed by the state's two-year statute of limitations for personal injury claims (735 ILCS 5/13-202 (1992 State Bar Edition), formerly Ill.Rev.Stat. ch 110, p 13-202). We decline to do so, and emphasize that the court has consistently applied the two year limitations period to section 1983 actions filed in Illinois since 1986. See Anton v. Lehpamer, 787 F.2d 1141 (7th Cir.1986).
 
 
 3
 In a last ditch effort to save his case, Reents argued to the district court for the first time on reconsideration of the dismissal of his case that his cause of action did not accrue until the state court ruled, in administrative review, that his suspension violated his due process rights. This argument comes too late in the day, and is waived. Laserage Technology Corp. v. Laserage Laboratories, Inc., 972 F.2d 799, 804 (7th Cir.1992); Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 404 (7th Cir.1986). In any event, Reents concedes that his cause of action accrued "during 1988." Appellant's Brief at 19, 21.
 
 
 4
 The district court's dismissal of Reents's action is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that the statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record