1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Wiley ALEXANDER, Plaintiff/Appellant,
v.
Michael LANE, et al., Defendants/Appellees.
 No. 91-2824
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1993*
Decided July 19, 1993.
 
 Before MANION and ILANA DIAMOND ROVNER, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Wiley Alexander brought an action against several prison officials pursuant to 28 U.S.C. Secs. 1983 and 1985, alleging that his constitutional rights had been violated during the course of a disciplinary proceeding. The district court found that Alexander's suit was time-barred by the statute of limitations and dismissed his case pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 2
 Alexander was an inmate at Stateville Correctional Center. In February 1987, prison officials charged Alexander with participating in the physical assault and stabbing of another inmate; the inmate died as the result of the assault. The disciplinary board found Alexander guilty of the charges and administered sanctions: revocation of 360 days in good time credits, 360 days of disciplinary segregation and demotion to "C" grade for a period of 360 days. Alexander filed a grievance, charging violations of Department procedures; he also appealed the decision of the grievance committee. He then filed an action for mandamus in the state court which was subsequently dismissed.
 
 
 3
 In March 1990, Alexander filed an action in the district court. He sued various prison officials and Circuit Court Judge Raymond Bolden, who had dismissed Alexander's previous mandamus case in state court. The district court dismissed the action against Judge Bolden pursuant to 28 U.S.C. Sec. 1915(d).[1] The remaining defendants asserted that Alexander's lawsuit was barred by the two-year statute of limitations and filed a motion to dismiss. Alexander did not respond. The district court granted the defendants' motion.
 
 
 4
 There is no question that the applicable statute of limitations for actions brought under Sec. 1983 in Illinois is the two-year statute of limitations for personal injury actions. Ill.Rev.Stat. ch. 110, p 13-202; Farrell v. McDonough, 966 F.2d 279 (7th Cir.1992), cert. denied, 113 S.Ct. 1059 (1993); Wilson v. Giesen, 956 F.2d 738 (7th Cir.1992); Kalimara v. Illinois Dept. of Corrections, 879 F.2d 276 (7th Cir.1989); see Owens v. Okure, 488 U.S. 235 (1989).
 
 
 5
 The problem here lies in the applicability of the tolling provisions. Prior to 1987, imprisonment was considered a legal disability which tolled the statute of limitations until the plaintiff's release from prison. Ill.Rev.Stat. ch. 110 p 13-211 (1987). In 1987, the Illinois Legislature amended paragraph 13-211 by creating an exception to the tolling rule for claims by prisoners against the Illinois Department of Corrections (IDOC) or its employees. Plaintiffs such as Alexander were precluded from relying on the tolling exception and were required to bring their suits against the IDOC or its officials within the two-year statute of limitations. When the district court granted the defendants' motion to dismiss due to an untimely complaint, the decision was consistent with our previous cases. See Farrell, 966 F.2d 279; Giesen, 956 F.2d 738.
 
 
 6
 However, we have more recently refused to apply the 1987 amendment to prisoners' Sec. 1983 lawsuits. Dixon v. Chrans, 986 F.2d 201 (7th Cir.1993). The amended paragraph 13-211 made it more difficult for plaintiffs to sue certain public officials pursuant to Sec. 1983, creating a burden inconsistent with the purposes of Sec. 1983. Id. We determined in Dixon that despite the 1987 amendment to paragraph 13-211(iii), the plaintiff was entitled to have the statute of limitations tolled. Id. at 206. In light of our holding in Dixon, we cannot uphold the application of the 1987 amendment to Alexander's lawsuit. Harper v. Virginia Dept. of Taxation, 61 U.S.L.W. 4664, 4666 (U.S. Jun. 18, 1993) (when court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review"). We find that Alexander was entitled to have the statute of limitations tolled; his action under Sec. 1983 was not time-barred.
 
 
 7
 For the reasons stated above, the decision of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Alexander appears to make arguments regarding Judge Bolden in his appellate brief. Judge Bolden was actually dismissed twice, the first time pursuant to Sec. 1915(d) and the second time for failure of service. It does not appear that Bolden was ever served. To the extent Alexander attempts to continue his action against Bolden, we affirm the district court's dismissal pursuant to Sec. 1915(d). Judges have absolute immunity for actions taken within their judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978)