82 F.3d 420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Reginald L. BEACHAM, Plaintiff-Appellant,
v.
August ANNERINO, et al., Defendants-Appellees.
 No. 93-3021.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1996.[1]
Decided April 11, 1996.
 
 Before FAIRCHILED, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Reginald L. Beacham filed civil rights claims, under 42 U.S.C. §§ 1983, 1985-1987, and under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, against two Cook County, Illinois judges, a state public defender, and three Chicago police officers, alleging various improprieties in connection with and following his arrest on May 21, 1986, and subsequent conviction for murder. The district court dismissed the action under Fed.R.Civ.P. 12(b)(6). Our review of such a dismissal is de novo, assuming the truth of all well-pled factual allegations and making all reasonable inferences in favor of plaintiff. Prince v. Rescorp Realty, 940 F.2d 1104, 1106 (7th Cir.1991).
 
 I.
 
 2
 Plaintiff alleged that on May 22 he was brought before defendant Judge Laurie who granted a continuance and ordered him held without bail. He claimed that Judge Laurie knowingly and intentionally allowed him to be held under false charges. He alleged that he was brought the next day before defendant Judge Gembala who appointed counsel, granted a continuance and ordered continued custody without bail. He alleged another appearance before Judge Gembala on July 2, when the case was transferred for trial. Plaintiff claimed that Judge Gembala aided the prosecution in the cover-up of an illegal seizure of plaintiff and knew plaintiff was being held under false charges.
 
 
 3
 These judges did not act in the clear absence of all jurisdiction and thus were protected from liability by judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355 (1978).
 
 II.
 
 4
 (1) Plaintiff alleged the details of being arrested May 21, 1986 by defendant police officers Jones and Leuser. He claimed that they seized and searched his person "without just cause or provocation." He was interrogated and made to stand in a lineup without counsel. (2) He alleged that defendant Annerino had sworn to five misdemeanor complaints against him, unlawful use of weapons, theft of a weapon, possession of marijuana, lack of gun registration, and failure to register a weapon. He claimed that Annerino had falsified and back-dated the complaints (all under Cause No. 86 M1 103734) for the purpose of aiding Jones and Leuser to cover up the illegal search and seizure of plaintiff. (3) He alleged that defendant King is an assistant public defender who was appointed counsel for plaintiff and who appeared at the hearing May 23 (although others from that office seem to have appeared at other hearings). Plaintiff claimed that King aided the prosecution in falsification and in holding the plaintiff in custody without bail, in that he knew that Cause No. 86 M1 103734 was a matter in which plaintiff was not named, and in failing to move for dismissal.
 
 
 5
 Two persons had been shot, one fatally, on May 11, 1986. Plaintiff was ultimately convicted of murder and attempted murder. The convictions were affirmed. People v. Beacham, 189 Ill.App.3d 483 (1989). Plaintiff's present claims are distinct from those which were considered on direct appeal. Unless an unlawful arrest produces critical evidence, interrogation without counsel results in statements used at trial, or an improper lineup produces identification used at trial, those claims and the claim that continued custody resulted from improprieties at early stages are unlikely to imply invalidity of the conviction. If they did necessarily so imply, no § 1983 cause of action would arise unless and until the convictions are reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364 (1994). We proceed on the assumption that Heck does not bar plaintiff's present claims.
 
 III.
 Unlawful Arrest
 
 6
 The district court found that plaintiff was placed under arrest on a murder warrant and an outstanding warrant for the unlawful use of a weapon. Court records show that a warrant to arrest Beacham for the weapon offense (and others) was issued January 24, 1986 and a warrant for murder May 21, 1986. The district court could properly take judicial notice of these records in deciding the motion to dismiss. Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir.1994).
 
 
 7
 There was a hearing before Judge Laurie on May 22, the day after the arrest. Beacham was present and appeared by counsel. An Assistant State's Attorney told the judge that there was a warrant for unlawful use of a weapon and a warrant for murder. He represented that Leuser would testify if called that Beacham was arrested at 7:35 p.m. on the murder warrant issued earlier that day as well as on the warrant for unlawful use of a weapon. The clerk noted that there was no bail on the murder warrant and the judge recalled, "I set that myself yesterday." We have been furnished a docket sheet for case number 86-110373401 against Beacham, noting the warrant under date of January 24, 1986 and the subsequent proceedings up to and including July 2, 1986.
 
 
 8
 These records make highly improbable plaintiff's claim that Annerino fabricated the complaints and obtained a back-dated warrant after the arrest on May 21 and before the hearing on May 22.
 
 
 9
 Even assuming, however, that plaintiff could establish that the purported January warrant did not exist at the time of arrest, Beacham made no claim before the district court that the murder warrant was based on fabrication or that it had been issued after his arrest. He has filed a motion here in which he says both warrants were placed in the files as the means to justify an otherwise illegal arrest. Such a claim made as to the murder warrant for the first time on appeal comes too late.
 
 
 10
 We note in passing that Beacham points out that there was a civil action in the circuit court involving wholly different parties and numbered 86-M1-103734. The same number appears on a transcript of a hearing on July 2, 1986 in the proceeding against Beacham, and appears with or without hyphens, and without the "M" on the January warrant and a number of other papers in that proceeding. The defendants have not explained the coincidence in numbering, but it is clear from the court records that a proceeding against Beacham on a weapons charge distinct from the civil action was in fact carried on.
 
 
 11
 We hold, therefore, that at least the murder warrant was facially valid and protects the officers from liability. "Generally a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation." Juriss v. McGowan, 957 F.2d 345, 350 (7th Cir.1992). See also Baker v. McCollan, 443 U.S. 137, 143-44 (1979); Olson v. Tyler, 771 F.2d 277, 281 (7th Cir.1985).
 
 IV.
 Claim against Annerino
 
 12
 Because the May 21 arrest was supported by the murder warrant, Annerino's activity in obtaining a false weapons offense warrant would be irrelevant, even if proved.
 
 V.
 Interrogation and Lineup without Counsel
 
 13
 "The Miranda decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence." Bennett v. Passic, 545 F.2d 1260, 1263 (10th Cir.1976). In Hensley v. Carey, 818 F.2d 646, 650 (7th Cir.1987), a § 1983 action, we indicated our approval of Bennett. Applying its logic, we held that there was no right to an impartial lineup as long as the evidence thus gained is not used at trial and that defendant officers could not have violated plaintiff's constitutional rights simply by subjecting him to a lineup which was allegedly unduly suggestive.
 
 
 14
 The Sixth Amendment right to counsel had not yet attached at this stage. See Kirby v. Illinois, 406 U.S. 682, 689 (1972) (right to counsel attaches "at or after the initiation of adversary judicial criminal proceedings--whether by way of formal charge, preliminary hearing, indictment, information, or arraignment"); Rodgers v. Lincoln Towing Services, Inc., 771 F.2d 194, 199 (7th Cir.1985) (right to counsel did not attach because defendant not formally booked or charged).
 
 
 15
 Beacham contends that because a complaint must have been filed before a warrant could issue (725 ILCS 5/107-9), the complaint must be deemed to have begun adversary judicial criminal proceedings. We do not agree. In Kirby, it was said, referring to the initiation of judicial criminal proceedings, "it is only then that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified." 406 U.S. at 689 (plurality opinion of Stewart, J.). In United States v. Gouveia, 467 U.S. 180, 190 (1984), the Court referred to this language in Kirby, and went on to distinguish the principle that the Sixth Amendment speedy trial right "may attach before an indictment and as early as the time of 'arrest and holding to answer a criminal charge,' ... but we have never held that the right to counsel attaches at the time of arrest." See Kirby, 406 U.S. at 689-91 (arrestee is not per se entitled to counsel at a pre-indictment lineup identification); Quadrini v. Clusen, 864 F.2d 577, 585 n. 8 (7th Cir.1989) ("right to counsel did not attach at the time of the bond hearing"). We hold that for this purpose a complaint underlying a warrant is not a formal charge, causing a right to counsel to arise.
 
 VI.
 
 16
 Claim against Assistant Public Defender King
 
 
 17
 King represented plaintiff at one hearing, May 23, and perhaps another, September 9. His only acts alleged were those normally performed by counsel. An assistant public defender is not a state actor for purposes of a § 1983 claim. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Although plaintiff's complaint baldly states that King "knowingly and intentionally aided and assisted the prosecution in the falsification and presentation of procedural court documents," "knowingly and intentionally aided and assisted the Court and prosecution in holding the plaintiff in custody," and "aided and assisted the prosecution and Cook County Sheriff's Department in the cover-up of plaintiff being physically assaulted" at the jail, we do not consider these adequate allegations that King conspired with individuals who were acting under color of state law. See Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir.1992).
 
 VII.
 Other Claims
 
 18
 Plaintiff's complaint refers to 42 U.S.C. §§ 1985(3), 1986, and 1987 and refers to a police conspiracy. Judge Andersen considered whether there could be viable claims under these sections or under state law concerning false arrest or imprisonment.
 
 
 19
 As to § 1985(3), Judge Andersen determined that plaintiff had failed to allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" as required by Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). In his brief in this court, plaintiff suggests there may be a bias on the part of police against parolees or ex-convicts, as was plaintiff. We are confident that this is not the type of class-based animus which suffices under § 1985(3). See Murphy v. Mount Carmel High School, 543 F.2d 1189, 1192 n. 1 (7th Cir.1976).
 
 
 20
 As to § 1986 (imposing liability for failure to prevent wrongs conspired to be done and mentioned in § 1985) there was no valid claim for the same reason there was none under § 1985. As to § 1987 (requiring officers of the United States to prosecute those who commit specified offenses), that section does not create a private cause of action. Any state law false arrest claims were barred for failure to meet the one-year limitation under the Illinois Governmental Tort Immunity Act, Ill.Rev.Stat., 1991, ch. 85, par. 8-101 (recodified as 745 ILCS 10/8-101). Illinois no longer provides tolling for inmates, Farrell v. McDonough, 966 F.2d 279, 282 (7th Cir.1992), although it did so before 1991.
 
 
 21
 Although it is clear that plaintiff thinks he should have been freed on bail and claims he was assaulted by deputies in the jail, he has not made out any claim that Jones, Leuser, Annerino, or King were in control over those matters.
 
 VIII.
 Sanctions
 
 22
 Plaintiff has filed a motion in this court, seeking sanctions against counsel for appellees Laurie, Gembala, and King. He alleges their brief contains false statements of fact. The statements he challenges, however, are based on the court records which have been supplied, and are not improper.
 
 IX.
 
 23
 We agree with the reasoning of the district court, and AFFIRM the judgment.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "statement as to Need of Oral Argument. See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff filed such a statement which the court has considered. The appeal is submitted on the parties' briefs and the record