101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph DEERWESTER, Plaintiff-Appellant,
v.
Steve BRIENEN, et al., Defendants-Appellees.
 No. 96-1199.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 31, 1996.*
Decided Nov. 04, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Appellant Joseph Deerwester, currently a state prisoner, brought suit under 42 U.S.C. § 1983 claiming that appellees, officials of the McLean County Illinois Jail, violated his right of access to the courts by failing to provide an adequate law library at the McLean County Jail thereby preventing him from discovering an illegal search and seizure claim prior to the expiration of the statute of limitations. The district court denied the petition to proceed in forma pauperis and dismissed the complaint with prejudice. 28 U.S.C. § 1915. We affirm.
 
 
 2
 On appeal, Deerwester challenges the dismissal of his complaint, arguing that Illinois' five year statute of limitations should apply. 735 ILCS 5/13-205 (1992). Federal district courts sitting in Illinois hearing § 1983 claims must apply Illinois' two-year residual statute of limitations in actions for damages for an injury to the person. Kalimara v. Illinois Dept. of Corrections, 879 F.2d 276, 277 (7th Cir.1989). Deerwester argues that Kalimara ought to be overturned in light of the Supreme Court's decision in Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573 (1989) and our decision in Gray v. Lacke, 885 F.2d 399 (7th Cir.1989). Despite the same argument in Farrell v. McDonough, 966 F.2d 279, 280-82 (7th Cir.1992), we reaffirmed Kalimara. That the distinctions between Gray and Kalimara are distinctions between the statutory schemes of Wisconsin and Illinois and not doctrinal distinctions made by this court in error, has already been fully explained in Farrell, 966 F.2d at 280-82.
 
 
 3
 The statute of limitations for Deerwester's search and seizure claim associated with the January 9, 1991 search expired on January 11, 1993. Deerwester's argument that he did not discover that he had a claim until March 10, 1994, is unconvincing. As the district court noted, even if the library at McLean County Jail was insufficient to enable Deerwester to discover that he had an actionable search and seizure claim, he still had the lengthy period, from his transfer out of McLean County Jail on June 4, 1992 until the limitations period expired on January 11, 1993, to research the matter. Lack of access to a better law library than that at McLean County Jail was temporary, and did not prevent Deerwester from discovering an alleged search and seizure claim after his transfer out of McLean County Jail and into the custody of the Illinois Department of Corrections, but still well before the statute of limitations expired.
 
 
 4
 Deerwester's claim of denial of access to the courts expired, at the latest, on June 5, 1994, two years after the latest possible time by which he knew or should have known that his constitutional rights had been violated. Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir.1991).
 
 
 5
 Deerwester also argues that the denial of access to the courts which he allegedly suffered at the hands of officials of the McLean County Jail constitutes an act of fraudulent concealment of his search and seizure claim. On this basis, Deerwester contends that the statute of limitations (for the search and seizure claim) should toll.[1] This argument is without merit. Fraudulent concealment occurs when "a person liable to an action fraudulently conceals the action from the knowledge of the person entitled thereto." 735 ILCS 5/13-215 (1996). In this case the party who would be liable for the allegedly unconstitutional search and seizure is not the party Deerwester accuses of concealing the action.
 
 
 6
 We conclude that this appeal is frivolous. The judgment of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Federal courts apply a state's personal injury statute of limitations to all § 1983 actions arising in that state. Farrell, 966 F.2d at 280. Likewise, federal courts also apply state tolling provisions. Id. at 282. In the case of fraudulent concealment, Illinois provides for the statute of limitations to toll five years from the time of discovering a claim. 735 ILCS 5/13-215 (1996)