114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John AULVIN, Plaintiff-Appellant,
v.
WABASH COUNTY, a municipal corporation, et al., Defendants-Appellees.
 No. 96-1339.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1997.*
Decided May 15, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied June 16, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 On September 3, 1993, John Aulvin filed a complaint asserting due process and tort claims against Wabash County, two agents of the County (Randy Grounds and Kevin Williams), the Mt. Carmel Church of Christ, and a member of the Church (Charles Sternberg).[1] In the complaint as ultimately amended (Second Amended Complaint), Aulvin alleged that the Church, Sternberg, and Williams engaged in "abuse of process" by causing his arrest and prosecution for theft (Counts V, VI, VII). The prosecution resulted in Aulvin's incarceration and apparently also a monetary sanction of some sort. On March 29, 1990, the County and its agent Grounds seized the funds in Aulvin's bank account "in an attempted execution on a Judgment which was then on appeal from the Wabash County Circuit Court...." Aulvin filed for bankruptcy as a result of the seizure. The County and Grounds returned the seized funds to Aulvin on June 29, 1992, presumably because the Illinois Appellate Court issued a mandate three days earlier reversing the criminal judgment against Aulvin.[2] Aulvin claimed that both the seizure and withholding of these funds were unlawful (Counts I, II, III, IV). Also, he asserted that the County wrongfully refused to remove the overturned judgment from the record of the Recorder of Deeds Office (Count VIII).
 
 
 2
 The Church and Sternberg filed a motion to dismiss the claims against them, to which Aulvin did not respond. The district court entered an order requiring Aulvin to respond within ten days, and providing that "failure to respond will be construed as an admission as to the merits of the motion." Three-and-one-half months passed without a response. The district court granted the motion to dismiss, concluding that Aulvin had waived any objection to it.
 
 
 3
 The remaining defendants--the County, Grounds, and Williams--filed their own motion to dismiss. They argued that the applicable statutes of limitations barred Aulvin's claims against them. As with the other defendants' motion to dismiss, Aulvin did not respond. The district court this time did not rely on or even mention the failure to respond, but rather agreed with the merits of the motion to dismiss. The district court granted the motion and entered judgment. Aulvin appeals.
 
 
 4
 Aulvin's opening brief makes no reference whatsoever to the February 16, 1995, order dismissing the Church and Sternberg from the case. The Church and Sternberg note this fact in their brief. In his reply brief, Aulvin avers that he "had no knowledge of the failure to plead until preparation of this appeal" and that "[n]o conscious disregard of the Trial Court's orders or admonishments was intended." He does not point to any evidence to support these conclusory assertions. Aulvin has no excuse for failing in his opening brief to address the dismissal of the Church and Sternberg and has forfeited any challenge to that dismissal. See Fed.R.App.P. 28(a)(3)-(6).
 
 
 5
 The arguments in the opening brief apply solely to the County, Grounds, and Williams (hereinafter "the County defendants"), who were named in Counts I, II, III, IV, VII, and VIII of the Second Amended Complaint.[3] Counts I and III allege violations of due process and are brought pursuant to 42 U.S.C. § 1983; the other four counts (II, IV, VII, VIII) do not specifically cite either state or federal law. Aulvin seems to believe that the latter group of claims is based on state law, and does not dispute the County defendants' characterization of these claims as such.
 
 
 6
 The district court correctly determined that the one-year statute of limitations bars the state law claims against the County defendants. These claims accrued, at the latest, on June 29, 1992 (the date of the last act alleged against the County defendants), more than one year before the filing of the complaint. Illinois' Local Governmental and Governmental Employees Tort Immunity Act provides that any civil action against "a local entity or any of its employees" must be commenced within one year of the injury or the accrual of the cause of action. 745 ILCS 10/8-101. A "local entity" includes a county, see 745 ILCS 10/1-206; an "employee" includes (among other categories) an "agent, volunteer, servant or employee, whether or not compensated," as opposed to an "independent contractor," 745 ILCS 10/1-202. While the record is unclear as to Grounds's and Williams's relationship to Wabash County, the complaint specifically alleges them each to be an "agent" (and in Williams' case, also a "representative") of the County. Thus Grounds and Williams are "employees" of the County for purpose of the one-year statute of limitations.[4]
 
 
 7
 That leaves the § 1983 claims in Counts I and III of the Second Amended Complaint. The state's general statute of limitations for personal injury claims is applied to all § 1983 claims, which for Illinois is a two-year limit. Farrell v. McDonough, 966 F.2d 279, 280-82 (7th Cir.1992), cert. denied, 506 U.S. 1084 (1993); 735 ILCS 5/13-202. Aulvin's arguments to the contrary are foreclosed by Farrell.
 
 
 8
 Aulvin does, however, have a stronger argument that his § 1983 claims did not accrue until the criminal judgment against him was overturned in 1992. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence has been invalidated, such as by reversal on direct appeal. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If the conviction or sentence has not yet been invalidated, a § 1983 action that would "necessarily imply the invalidity of the conviction or sentence" has not yet accrued. Id. at 487, 489-90. It appears that Aulvin's challenge to the seizure of his money would have necessarily impugned the validity of the criminal judgment. Such a cause of action would not have accrued until the overturning of the criminal judgment in 1992-less than two years before the filing of the complaint. Thus we reverse the dismissal of Aulvin's § 1983 claims under the statute of limitations, and remand for further proceedings on those claims.
 
 
 9
 The judgment is REVERSED insofar as it dismisses Counts I and III of the Second Amended Complaint, and REMANDED for further proceedings. The judgment is otherwise AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 An initial claim against a second member of the Church, Vernon Higginson, was not repeated in the amended versions of the complaint. Another defendant, the Security Bank and Trust Co., was dismissed from the case due to lack of service. The claims against Higginson and the Bank are not at issue in this appeal
 
 
 [2]
 The documents concerning the reversal of the conviction are not included in the record on appeal; they are simply appended to Aulvin's opening brief. The complaint does not mention the date of the mandate reversing the criminal judgment (June 26, 1992); it instead notes the date of the order reversing the criminal judgment (February 14, 1992). See Count VIII. It makes no difference to the analysis of this appeal whether the earlier or later date is used
 
 
 [3]
 The County defendants do not argue that Aulvin's failure to respond in the district court should have had the same consequences as it did with respect to the Church and Sternberg. In fact, none of the briefs refers to this lapse by Aulvin
 
 
 [4]
 In his reply brief, Aulvin argues that the County defendants may have contracted away the statute of limitations defense by purchasing liability insurance. Aulvin cannot properly raise this argument for the first time in his reply brief