**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DEE ARLIN EASTER,

Plaintiff-Appellant,

v.

LARRY DAMRON, District 2 Drug
Task Force; R.C. DANIELS, Officer,
District 2 Drug Task Force, WADE
LOWERY, Deputy Sheriff,

Defendants-Appellees.

Nos. 06-6288 & 06-6346
(D.C. No. 05-cv-509-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Dee Arlin Easter sued for damages and injunctive relief under 42 U.S.C.

§ 1983 for an alleged violation of his civil rights. The district court dismissed his

complaint against defendant Wade Lowery for failure to obtain service of process

and later granted summary judgment in favor of defendants Larry Damron and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

R.C. Daniel on the grounds of qualified immunity. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## Background

On May 2, 2003, an Oklahoma state-court judge signed a search warrant for Mr. Easter's home in Sayre, Oklahoma. On May 9, officers Damron and Daniel, assisted by deputy sheriff Lowery, executed the search warrant. According to Mr. Easter's deposition testimony, he was breaking up a brick of marijuana in his kitchen when he heard the doorbell ring, followed immediately by a loud knock. He heard loud voices outside, but could not understand what was being said. Thinking that it might be his son, he "put everything down and hollered '[j]ust a minute,' and [] started to the door." Aplt. App., Doc. 49, Ex. C at 8-9.

There were two kicks on the door, and while Mr. Easter was unlocking the door and had his hand on the knob, a third kick forced the door open. Officer Daniel pointed a gun at his head and ordered him to "hit the floor." *Id*. at 13. While he was turned to the side, Officer Daniel struck him on the left shoulder with his open hand to force him to the floor. It was then that Mr. Easter lost his balance and fell on his left arm. Deputy Lowery tried three times to cuff his hands behind his back, but Mr. Easter told him to stop because his arm was hurt. Deputy Lowery then helped him to his feet and handcuffed him in front.

Following a search of the home, Deputy Lowery took Mr. Easter to the hospital where x-rays revealed that his left shoulder was fractured as a result of the fall. He was eventually released and allowed to return home.

**Analysis**

This first issue concerns the district court's order for summary judgment in favor of Officers Daniel and Damron on the grounds of qualified immunity. In his brief, Mr. Easter frames the issue as "[e]xcessive [f]orce and [b]rutality." Aplt. Br. at 3. As authority he cites *Farrell v. McDonough*, 966 F.2d 279 (7th Cir. 1992), but *Farrell* has nothing to do with the merits of a § 1983 case. Instead, it holds that an Illinois prison inmate's § 1983 complaint against a prison official is governed by Illinois' two-year statute of limitations for personal injury suits. Mr. Easter further argues in a conclusory fashion that the court should have analyzed his § 1983 claim under the Eighth Amendment. However, he does not cite any authority for this proposition. Although we construe his pro se pleading liberally, the failure to "advanc[e] [any] reasoned argument as to the grounds for the appeal," is insufficient appellate argument. *Am. Airlines v. Christensen*, 967 F.2d 410, 415 n.8 (10th Cir. 1992).

Next, Mr. Easter argues that the district court erred by denying his requests to appoint counsel. We review the court's refusal to appoint counsel for an indigent prisoner in a civil lawsuit for an abuse of discretion. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). The burden was on Mr. Easter "to

convince the [district] court that there [wa]s sufficient merit to his claim to warrant the appointment of counsel. . . . Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quotation marks omitted).

The district court's decision to deny Mr. Easter's requests for appointed counsel did not result in fundamental fairness. His complaint adequately explained the factual and legal basis for his claim, and the court construed his pleadings liberally. Therefore, there was no abuse of discretion.

Last, Mr. Easter argues that the district court erred in granting Deputy Lowery's motion to quash the summons that was served after the claims against him were dismissed without prejudice for failure to obtain service of process.[1] "Because [Mr. Easter] is representing himself, we liberally construe his pleadings; however, we do not act as his advocate." *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007). In his brief, however, he never mentions the motion to quash, recommendation, or order whatsoever. We therefore consider the issue waived on appeal. *Arst v. Stifel, Nicolaus & Co., Inc.*, 86 F.3d 973, 981 n.7 (10th Cir. 1996).

---

[1] At the time Mr. Easter filed his notice of appeal from the district court's order granting the motion to quash, which was assigned 06-6288, a final judgment under 28 U.S.C. §1291 had not entered. Therefore, the order granting the motion to quash merged with the court's final judgment entered November 6, 2006 and appealed in 06-6346. The initial redundant appeal 06-6288 is dismissed as moot.

The judgment of the district court is AFFIRMED.  Mr. Easter's motion in 06-6288 to proceed on appeal without prepayment of fees is DENIED as moot in light of our disposition of that redundant appeal.  And because Mr. Easter has paid in full the filing fee in 06-6346, no further payment is due.  We GRANT Kathryn D. Terry's motion to withdraw as counsel for Larry Damron and R.C. Daniel.

Entered for the Court

Stephen H. Anderson
Circuit Judge