**FEDERAL TRADE COMMISSION,**
**Plaintiff–Appellee,**

v.

**AMY TRAVEL SERVICE, INC., Resort Performance, Inc., Resort Telemarketing, Inc., Thomas P. McCann, II, and James F. Weiland, Defendants–Appellants.**

**No. 88–2328.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 9, 1988.
Decided May 5, 1989.

Ben Brooks and H. Victor Thomas, Bennett & Brooks, Houston, Tx., for appellants.

Melvin Orlands, Office of General Counsel, Federal Trade Commission, Washington, D.C., for appellee.

Before CUMMINGS, WOOD, Jr., and CUDAHY, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

On March 21, 1989, we issued an Order directing the parties to submit Memoranda of Law on the issue of whether attorney Robert S. Bennett's appeal of Rule 11 sanctions should be dismissed. Sanctions under Rule 11 were entered against defendants' counsel Bennett in the amount of $1,000 by the Magistrate in this case. The notice of appeal filed July 11, 1988 states: "Notice is hereby given that the Defendants, Amy Travel Service, Inc.; Resort Performance, Inc.; Resort Telemarketing, Inc.; Thomas P. McCann, II; and James F. Weiland, hereby appeal...." Federal Rule of Appellate Procedure 3(c) requires that "the notice of appeal shall specify the party or parties taking the appeal...." The notice filed in this case names the defendants, not Bennett, as the parties taking the appeal.[1]

Our decision in *Rogers v. National Union Fire Ins. Co.*, 864 F.2d 557 (7th Cir. 1988), establishes that the attorney is the real party in interest when sanctioned by the district court. *Rogers*, 864 F.2d at 559–60. The Supreme Court has held that failing to name a party in the notice of appeal "constitutes a failure of that party to appeal." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). In *Rogers*, we held that in a Rule 11 sanctions appeal, "the attorneys must appeal in their own names. A notice of appeal naming the party ... as the appellant, not the attorneys, does not create jurisdiction over the attorneys' appeal." *Rogers*, 864 F.2d at 560 (citing *Hays v. Sony Corp. of America*, 847 F.2d 412, 420 (7th Cir.1988)).

Bennett argues that this court should exercise discretion and disregard the omission of his name from the notice of appeal. Bennett claims that our decision in *Hays v. Sony Corp. of America*, 847 F.2d 412 (7th Cir.1988), stands for the proposition that the object of the notice of appeal is merely to give opposing parties notice that an appeal has been taken. Bennett states that all parties were aware of the appeal and who the parties in interest were. Bennett argues that no purpose would be served by dismissing his appeal for what amounts to a harmless error.

Bennett's reliance on *Hays* is mistaken in light of the Supreme Court's decision in *Torres*, 108 S.Ct. 2405 (1988). In *Torres*, the Supreme Court healed a split in the circuits by enunciating an unyielding interpretation of Federal Rule of Appellate Procedure 3(c) that took away this court's discretion to waive technical requirements. Bennett is correct that before *Torres*, "failure to name each appellant forfeited that party's right to appeal only if there was a danger that the appellee might have been misled by the omission ..." *Allen Archery, Inc. v. Precision Shooting Equip., Inc.*, 857 F.2d 1176, 1176 (7th Cir.1988) (citing *Hays*, 847 F.2d at 414). However, "*Torres* changed the law in this circuit. It

---

[1] A separate Notice of Appeal was filed on May 25, 1988, giving notice that the defendants were appealing the district court's decision in *FTC v. Amy Travel*, No. 87 C 6776, slip op. at 27 (N.D. Ill. Feb. 10, 1987). That appeal, No. 88–1997, dealt with the merits of the case and does not concern the Rule 11 issue. Although this appeal, No. 88–2328, and the merits appeal, No. 88–1997, were consolidated for purposes of oral argument, they will be decided separately by this court.

requires us to insist on punctilious, literal, and exact compliance ..." with Rule 3(c)'s naming requirements. *Allen Archery*, 857 F.2d at 1177.

*Torres* made the requirements of Rule 3(c) inflexible. The *Rogers* case makes it clear that because the notice of appeal did not name Bennett as the party taking the appeal, we have no jurisdiction over this appeal.

APPEAL DISMISSED.