69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Louisette MOORE, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 95-1021.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1995.*
Decided Oct. 26, 1995.
Rehearing Denied Jan. 4, 1996.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Louisette Moore appeals the district court's denials of her motions to reinstate her tort action against the United States Postal Service. The district court had earlier dismissed her suit for failure to exhaust administrative remedies. We affirm.
 
 
 2
 * On November 8, 1993, appellant Moore filed a pro se complaint in the Northern District of Illinois, charging the United States Postal Service with tortious conduct related to her September 5, 1992, arrest by Postal Service guards. On the Postal Service's oral motion at a March 10, 1994, hearing, the district court dismissed Moore's suit without prejudice for failure to exhaust administrative remedies. She indicated that she had filed a claim only earlier that week. The court advised Moore that her lawsuit was premature and that she should return to reinstate her claim if and when the Postal Service denied it.
 
 
 3
 On November 7, 1994, Moore filed a document with the district court requesting "to motion my case returned to court for suit." The court treated the document as a motion to reinstate and denied it without explanation on November 14. On December 16, the court denied Moore's renewed motion, again without identifying the grounds. That same day, Moore filed a notice of appeal, challenging the denials.[1]
 
 II
 
 4
 As a threshold matter, the Postal Service argues that this court lacks appellate jurisdiction because Moore's notice of appeal does not satisfy Federal Rule of Appellate Procedure 3(c). Specifically, the handwritten notice fails to identify the court to which the appeal is taken. As the Supreme Court has held, "Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal." Smith v. Barry, 502 U.S. 244 (1992). Minor defects and irregularities are not, however, tantamount to noncompliance. Appellant's intent to appeal to this court was clear, and defendants do not claim they were misled or prejudiced by the omission. We find that Moore's notice is "the functional equivalent of what the rule requires."[2] Badger Pharmacal, Inc. v. Colgate-Palmolive Co., 1 F.3d 621, 625 (7th Cir.1993) (quoting Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988)).
 
 
 5
 Although Moore cites 28 U.S.C. Sec. 1331 as the jurisdictional basis of her "personal injury" claim, it is the Federal Torts Claims Act (FTCA), 28 U.S.C. Secs. 1346(b), 2671-2680 (1988), that provides the exclusive jurisdictional basis for tort claims against the United States. See 28 U.S.C. Sec. 2679 (1988). The Postal Service, represented by the United States Attorney, correctly argues that the FTCA permits suits against the United States itself, not against its agencies. 28 U.S.C. Secs. 2679(a), (b)(1) (1988); 39 U.S.C. Sec. 409(c) (1988) (provisions of FTCA shall apply to tort claims arising out of activities of Postal Service); Valluzzi v. United States Postal Service, 775 F.Supp. 1124 (N.D.Ill.1991) (United States, not United States Postal Service, is proper defendant in FTCA claim). But it is equally true that the second paragraph of Federal Rule of Civil Procedure 15(c) allows liberal amendment to add the United States as a defendant where, as here, delivery of process was completed within the limitations period to the United States Attorney. Fed.R.Civ.P. 15(c); Lojuk v. Johnson, 853 F.2d 560, 562-63 (7th Cir.1988); Paulk v. Department of Air Force, 830 F.2d 79, 81-82 (7th Cir.1987). Moore is thus entitled to the opportunity to add the United States as a proper defendant as a matter of course.
 
 
 6
 Moore's claim fails because she failed to refile after the court's earlier dismissal for failure to satisfy the FTCA's exhaustion of administrative remedies requirement.[3] The FTCA stipulates that tort claims must first be presented to the appropriate agency for administrative action, and that no suit may be filed in district court unless and until the agency denies the claim by certified mail or fails to make a final disposition within six months. 28 U.S.C. Sec. 2675(a) (1988). This procedural hurdle is a key part of the government's waiver of sovereign immunity and is no less stringent for pro se plaintiffs in ordinary civil litigation. McNeil v. United States, 113 S.Ct. 1980, 1984 (1993). The McNeil Court, affirming this court, held under facts similar to these that the fundamental jurisdictional defect inherent to a premature suit cannot be cured by contemporaneous exhaustion of administrative remedies. Id. The premature suit must be refiled after exhaustion (and within the limitations period). The Court reasoned that Congress deliberately withheld judicial recourse until after exhaustion in order to prevent premature filings that, multiplied by the "vast multitude of claims," would unnecessarily burden the courts and the Department of Justice with duplicative efforts. Id.
 
 
 7
 At the March 10, 1994, hearing, the trial court correctly dismissed Moore's claim for failure to exhaust administrative remedies, as she stated that she had only filed the claim a few days earlier. The court was mistaken, however, in instructing Moore to return for reinstatement if the agency denied her claim. As McNeil demonstrated, it is beyond the district court's jurisdiction to reinstate a premature FTCA suit. Thus in November, and again in December, the court had no discretion but to deny reinstatement, and thus denial of the motions was correct.[4]
 
 III
 
 8
 There is not enough information in the record to determine whether Moore ever properly filed her administrative claim; whether the claim, if any, was formally denied; and whether the statute of limitations has run.[5] We express no view as to the merits of Moore's underlying complaint, or as to whether her reliance on the district court's mistaken advice, if reasonable, might provide Moore with justification for tolling the statute of limitations. We merely hold that Moore's claim was properly dismissed where she failed to refile after being dismissed for failure to exhaust her administrative remedies.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Although the court below denied Moore's motion to proceed in forma pauperis (IFP) on December 16, 1994, her appeal was docketed in the district court that same day with the notation "IFP GRANTED". In light of Moore's reliance on this clerical error, we will grant Moore IFP status for the purposes of this appeal
 
 
 [2]
 The Postal Service cites only Federal Trade Commission v. Amy Travel Service, Inc., 894 F.2d 879 (7th Cir.1989), for the proposition that technical noncompliance with Rule 3 merits dismissal. Amy Travel, however, concerned not failure to name the proper court, but failure to name the real party in interest--the attorney--in the appeal of Rule 11 sanctions. In any event, Rule 3 was amended in 1991 to provide: "An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed.R.App.P. 3(c); see also id. Advisory Committee Notes
 
 
 [3]
 In McNeil, it was argued before this court that when the plaintiff wrote to the district court, seeking to revive his premature action, the letter set forth sufficient information to qualify as a adequate complaint, avoiding the procedural question. McNeil v. United States, 964 F.2d 647, 649 (7th Cir.1992), aff'd, 113 S.Ct. 1980 (1993). The panel did not reach this argument, concluding that it had not been properly raised and was therefore waived. Id.; cf. id. at 649 (Ripple, J., dissenting). Here, Moore's motion did not set forth the gravamen of the complaint, but merely sought to "return my case to court"; thus it cannot of its own force satisfy even the liberal pleading standard of Fed.R.Civ.P. 8. See, e.g., Pearson v. Gatto, 933 F.2d 521, 526-27 (7th Cir.1991) (describing standard of adequate complaint)
 
 
 [4]
 We note that an appellate court may affirm on any ground that finds support in the record. Miller v. Gateway Transportation Company, Inc., 616 F.2d 272, 275 n. 7 (7th Cir.1980); see also Helvering v. Gowran, 302 U.S. 238, 245-246 (1937); Reinstine v. Rosenfeld, 111 F.2d 892, 894 (7th Cir.1940)
 
 
 [5]
 The FTCA provides two years for the claimant to present a claim in writing to the appropriate agency, followed by six months from the date of mailing of an agency denial to file in court. 28 U.S.C. Sec. 2401(b) (1988). If the agency fails to issue a final disposition within six months of the filing of a complaint, the claimant may at any (reasonable) time thereafter deem such failure to be a final denial of the claim and may proceed to district court. 28 U.S.C. Sec. 2675(a) (1988); see also Miller v. United States, 741 F.2d 148, 150 (7th Cir.1984) (filing of complaint per Sec. 2675(a) commences Sec. 2401(b) six-month limit)