In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-3096

ANTHONY S. FOREMAN,

*Plaintiff-Appellant,*

*and*

LAWRENCE C. REDMOND,

*Respondent-Appellant,*

*v.*

BRIAN WADSWORTH, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 12 C 50419 — **Frederick J. Kapala**, *Judge.*

ARGUED JULY 6, 2016 — DECIDED DECEMBER 20, 2016

Before POSNER, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Anthony Foreman, who used to own a restaurant in Rockford, Illinois, brought this suit under 42 U.S.C. § 1983 and Illinois tort law. He alleged that a state

prosecutor and four Rockford police officers conspired to push him out of business by bringing false criminal charges against him. Foreman argued—contrary to settled Supreme Court precedent, see *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)—that the state prosecutor should not be entitled to absolute immunity for his actions in an official prosecutorial role, including bringing charges against Foreman. The district court rejected this contention and then publicly censured Foreman's lawyer for making it without offering a non-frivolous argument in favor of overturning *Imbler*. See Fed. R. Civ. P. 11(c). The court then granted summary judgment for the police officers. We affirm the judgment and the order of censure.

## I.   *Factual and Procedural Background*

In his complaint Foreman alleged that two Rockford police officers came to his restaurant after receiving a call from the man living in an upstairs apartment (unlawfully, according to Foreman). The occupant had accused Foreman of cutting off his electricity. By Foreman's account, the officers tried to interview him about this complaint but were "loud and boisterous," so he refused to answer their questions. The officers responded by arresting him, he alleged. Prosecutor Matthew Leisten later filed an information falsely charging Foreman with obstructing a police officer, see 720 ILCS 5/31-1(a), but the charge was dismissed eventually.

Foreman later sought leave to amend his complaint to add claims against another prosecutor. He told the district court that he had learned through discovery that a different prosecutor had pursued the criminal case after Leisten had first filed it. The district court denied leave to amend, reasoning that the proposed claims against the second prosecutor would

be frivolous because the prosecutor would have absolute immunity in her individual capacity, and the Eleventh Amendment would bar any claims against her in her official capacity. The court also ordered Foreman to show cause why the claims against prosecutor Leisten should not be dismissed for the same reasons. Additionally, because in a previous case Foreman's lawyer, Lawrence Redmond, had raised similar claims against prosecutors that were dismissed because of absolute immunity, the court ordered Redmond to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11(c).

Shortly after the district court issued its order to show cause, prosecutor Leisten moved for judgment on the pleadings, arguing that in his personal capacity he was absolutely immune from suit concerning his decision to charge Foreman. Leisten also asserted that the Eleventh Amendment bars damages claims against him in his official capacity. In response, Foreman conceded that under current law Leisten would be absolutely immune from a claim for damages in his individual capacity. Foreman asserted, though, that he was seeking to change that law. He also contended that the Eleventh Amendment would not preclude injunctive relief against Leisten in his official capacity, but he did not say what injunctive relief he wanted or could obtain against the prosecutor.

The district court granted Leisten's motion for judgment on the pleadings, noting that Foreman had not offered a basis for challenging the existing law of prosecutorial immunity. In addition, the court reasoned that a claim against Leisten in his official capacity would not fall under the exception to the Eleventh Amendment for injunctive relief because Foreman's

complaint did not sufficiently allege an ongoing constitutional violation, as opposed to a claim for damages to remedy a past injury.

After the claims against prosecutor Leisten were dismissed, a magistrate judge issued a report recommending that attorney Redmond be publicly censured under Rule 11(c) for advancing frivolous claims without offering any argument or authority that would support a change in existing law. The magistrate judge concluded that a censure would be an appropriate punishment and deterrent, especially in light of Redmond's previous censure by the Supreme Court of Illinois in a post-conviction capital appeal.

Redmond objected to the magistrate judge's recommendation, asserting that he had intended to challenge Supreme Court precedent on prosecutorial immunity on appeal. He acknowledged that he had unsuccessfully presented this argument for a change in existing law in a previous case in the same district court, but he said that the other case had settled before he had the opportunity to appeal the dismissal of the claims. He also explained that he had not yet presented his argument for overturning *Imbler* in this case, as he had done in the prior case, because "there was no point." The same district judge had already rejected his argument in the earlier case: "There was no reason to believe that raising it in the instant case would yield a different result." Redmond attached to his written objection a portion of the brief that he filed in the earlier case explaining his argument for overturning *Imbler*. No lower federal court can overrule a Supreme Court precedent, of course, which is Redmond's goal with *Imbler*. Nevertheless, a party who wants to ask the Supreme Court to

overrule one of its precedents must raise the issue in lower courts to set it up clearly for Supreme Court review.

The district judge adopted the magistrate judge's recommendation and issued an order censuring attorney Redmond for violating Rule 11(b)(2). Redmond, the court said, did not argue for a change in the law until after he was faced with a recommendation of censure, and the court was "not persuaded by counsel's last-minute effort to salvage the unsupported claims."

First, although Redmond's argument had been rejected in an earlier case, the court said, that "does not excuse counsel from raising it anew in another, unrelated case, if necessary to comply with his obligations under Rule 11(b)(2)." Redmond could not just wait to make his argument on appeal, the court said, because any argument not made in the district court is waived on appeal. Second, the court said, Redmond's argument for changing the existing law on absolute immunity for prosecutors would fail anyway because it was "based on the faulty premise that the *Imbler* decision is based solely on a review of historical immunities," rather than on other policy considerations. The court noted that the Supreme Court had recently rejected Foreman's understanding of historical immunities, which was the foundation of his argument for overruling *Imbler*. See *Rehberg v. Paulk*, 566 U.S. —, —, 132 S. Ct. 1497, 1504 (2012) ("[W]hen the issue of prosecutorial immunity under § 1983 reached this Court in *Imbler,* the Court did not simply apply the scope of immunity recognized by common-law courts as of 1871 but instead placed substantial reliance on post–1871 cases extending broad immunity to public prosecutors sued for common-law torts.").

The district judge also agreed with the magistrate judge's alternative rationale, that sanctions were justified based on Foreman's official-capacity claims against Leisten's office—which were barred by the Eleventh Amendment—because Redmond did nothing to show that the claims were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Fed. R. Civ. P. 11(b)(2).

With only his claims against the four Rockford police officers remaining, Foreman moved to compel and extend the time for discovery because, he said, attorneys for the city had not responded to several of his discovery requests. The magistrate judge granted his request in part, but only as to the depositions of two police-officer defendants. The judge denied his motion to compel the deposition of the mayor and other city officials, as well as answers to the interrogatories he had sent to the City of Rockford, and then denied both of Foreman's motions to reconsider.

The police officers moved for summary judgment on the remaining claims of false arrest, see 42 U.S.C. § 1983, civil conspiracy, and state-law false arrest and false imprisonment. The district court granted the motion, concluding that the officers had probable cause to arrest Foreman.

II. *Appeal of the Summary Judgment*

Foreman's primary argument on appeal is that prosecutor Leisten should not be protected by absolute immunity for his decision to charge Foreman with obstructing a police officer despite knowing, Foreman alleges, that he did not have probable cause to do so. The Supreme Court held in *Imbler* that state prosecutors enjoy absolute immunity from suits under

§ 1983 for activities that are "intimately associated with the judicial phase of the criminal process." 424 U.S. at 430; see *id.* at 427. Filing a criminal charge is at the core of the activities protected by prosecutorial immunity. See *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Olson v. Champaign County*, 784 F.3d 1093, 1102 (7th Cir. 2015). Prosecutors do not enjoy absolute immunity when giving legal advice to police officers during an investigation, see *Burns v. Reed*, 500 U.S. 478, 496 (1991), nor when they swear to a factual affidavit submitted with an information for the purpose of obtaining an arrest warrant, *Kalina*, 522 U.S. at 120–21, 130–31. Foreman did not allege in his complaint, however, that Leisten had engaged in such activities. Nor does Foreman argue that *Imbler* is somehow distinguishable or has been superseded by later legislation. Rather, Foreman argues that *Imbler* was wrongly decided and that prosecutors should be entitled only to qualified immunity. Because *Imbler* remains controlling law, the district court correctly concluded that Leisten is absolutely immune from Foreman's damages claims against him. If *Imbler* is to be overruled, only the Supreme Court itself can overrule it. E.g., *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983); *Hutto v. Davis*, 454 U.S. 370, 375 (1982).[1]

Foreman also challenges the dismissal at summary judgment of the four Rockford police officers before "discovery

---

[1] Foreman does not challenge on appeal the district court's dismissal under the Eleventh Amendment of his claims against Leisten in his official capacity and against the Winnebago County State's Attorney's Office. This ruling was correct. The claims also fail for another reason. A state official in his or her official capacity is not deemed a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Mercado v. Dart*, 604 F.3d 360, 361–62 (7th Cir. 2010); *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994) (under Illinois law, state's attorney is state official).

was complete." He argues that the City of Rockford deliberately delayed complying with his discovery requests for over a year in a strategic attempt to undermine his case. Although he asks us to reverse the district court's grant of summary judgment, he does not directly challenge the merits of that decision. Rather, he challenges the magistrate judge's denial of his request to extend the time for discovery. But Foreman did not ask the district court to review the magistrate judge's discovery ruling and thus waived his right to attack it on appeal. See Fed. R. Civ. P. 72(a) (requiring parties to file objections with district court to magistrate judge's non-dispositive pretrial rulings); *Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015). If Foreman believed after the defendants moved for summary judgment that he needed further discovery to respond, he could and should have moved under Federal Rule of Civil Procedure 56(d), explaining why he could not present facts essential to his opposition. See *Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 807 (7th Cir. 2014); *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); see also *Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1310 (10th Cir. 2010) (applying rule to pro se litigant); *Walker v. Bowersox,* 526 F.3d 1186, 1188 (8th Cir. 2008) (same). He did not do so.

III. *Appeal of the Censure Order*

In addition to Foreman's arguments on appeal, attorney Redmond contests the district court's decision to censure him publicly for suing in the teeth of the controlling Supreme Court precedent on prosecutorial immunity. We first pause to address our jurisdiction to review the order of censure since Redmond was not named as a party in the notice of appeal. See Fed. R. App. P. 3(c) (requiring notice of appeal to "specify the party or parties taking the appeal by naming each one in

the caption or body of the notice"); *Gonzalez v. Thaler*, 565 U.S. —, —, 132 S. Ct. 641, 652 (2012) (explaining that Rule 3(c) is jurisdictional).

The Supreme Court held in 1988 that omitting a party's name from a notice of appeal "constitutes failure of that party to appeal." *Torres v. Oakland Scavenger Co.*, 487 U.S. 313, 314 (1988). Following *Torres*, we held that we lacked jurisdiction to review an attorney's challenge to an order of sanctions where the attorney was not named in the notice of appeal. See *Allison v. Ticor Title Ins. Co.*, 907 F.2d 645, 653 (7th Cir. 1990); *FTC v. Amy Travel Serv., Inc.*, 894 F.2d 879, 881 (7th Cir. 1989).

After *Torres*, though, Rule 3(c) was amended to add: "An appeal must not be dismissed for … failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4); see *Becker v. Montgomery*, 532 U.S. 757, 767 (2001) (explaining that amendment was intended to reduce litigation spawned by *Torres*). After the amendment, "imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." *Becker*, 532 U.S. at 767.

While attorney Redmond is not named as a party in either the caption or the body of the notice of appeal, the notice said that the appeal would address "the order recommending censure of plaintiff's counsel entered on October 15, 2014," and "the order accepting the recommendation of censure of plaintiff's counsel entered on November 20, 2014." Redmond is the only party with an interest in those orders. He could face adverse professional consequences as a result of the censure. See *Martinez v. City of Chicago*, 823 F.3d 1050 (7th Cir. 2016).

Redmond's failure to name himself in the notice of appeal is harmless because his "intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4); see *1756 W. Lake St. LLC v. American Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015).

On the merits of Redmond's challenge to the order of censure, Federal Rule of Civil Procedure 11(b)(2) permits an attorney to assert claims precluded by existing law if the attorney identifies "a nonfrivolous argument for extending, modifying, or reversing existing law." See *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 809 (7th Cir. 2003) ("[C]ourts do not penalize litigants who try to distinguish adverse precedents, argue for the modification of existing law, or preserve positions for presentation to the Supreme Court."); *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1081 (7th Cir. 1987) ("[A] party is free to ask for reconsideration [of a Supreme Court decision] even when the court is unlikely to respond favorably."). But if the attorney fails to provide a non-frivolous argument for changing the law, the district court may order the attorney to show cause why he or she should not be sanctioned. Fed. R. Civ. P. 11(c); see *Nisenbaum*, 333 F.3d at 809 ("Burying one's head in the sand, in the hope that a judge will disregard an adverse decision by the Supreme Court, is a paradigm of frivolous litigation.").

In this case the district court, after reviewing only Foreman's complaint and prosecutor Leisten's answer, ordered attorney Redmond to show cause why he should not be sanctioned under Rule 11(c). That order to show cause was premature. Redmond had a duty of candor to the court, including a duty to disclose controlling legal precedent adverse to his position, see Model Rules of Prof'l Conduct r. 3.3(a)(2) (Am. Bar. Ass'n 2016), but he was not required to anticipate

and respond to affirmative defenses within the complaint it-self. Indeed, as counsel for Leisten candidly acknowledged at oral argument, it was not clear from the face of the complaint whether absolute immunity would even apply to the claims against Leisten.[2]

While premature, the district court's order put Redmond on notice of the need to offer an argument for overturning *Imbler*. See Fed. R. Civ. P. 11(b)(2). The problem was that Redmond did not respond to the order to show cause. When Leisten later moved for judgment on the pleadings on the ground of absolute immunity, Redmond asserted only that he planned to challenge *Imbler* on appeal; he did not provide a substantive argument for doing so.

Only after the magistrate judge recommended a public censure did Redmond first offer an argument for overturning *Imbler*, by attaching to his written objection a portion of his brief from the earlier case. Attaching the brief may be enough to put the opposing party and the court on notice of the substance of his argument, at least for purposes of sanctions issues. Even so, the district court did not abuse its discretion in concluding that counsel's argument came too late. See *United States v. Rogers Cartage, Co.*, 794 F.3d 854, 862 (7th Cir. 2015). Redmond explained that he did not identify the argument

---

[2] For example, Leisten would be entitled to only qualified immunity if Foreman had alleged that the prosecutor colluded with the police officers during the investigation to fabricate false charges against him. See *Burns*, 500 U.S. at 496. Alternatively, Leisten might have been entitled to only qualified immunity if he swore to an affidavit in support of the Information that he filed against Foreman. *Kalina*, 522 U.S. at 121–22, 129–31 (prosecutor who submitted affidavit in support of arrest warrant acted as complaining witness rather than lawyer and was entitled to only qualified, not absolute, immunity).

earlier because he thought "there was no point." But even if he believed it would be futile, Redmond was still required to present a non-frivolous argument for changing the law to the district court rather than raising it for the first time on appeal. See Fed. R. Civ. P. 11(b)(2); *Hess v. Bresney*, 784 F.3d 1154, 1161 (7th Cir. 2015) ("It is well settled that arguments not developed before the district court are deemed waived on appeal.").

Rule 11 sanctions are left to the sound discretion of the district court. While we might not have taken the same action in the first instance, the district court's order of censure was not based on any legal error and was not an abuse of discretion.

Accordingly, both the judgment of the district court in favor of the defendants and the court's order of censure are AFFIRMED.