**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 22, 2017
Decided June 2, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JON E. DEGUILIO, *District Judge*[*]

No. 16-2874

| | |
|---|---|
| ARMANI BELL, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
|     *v.* | |
| | No. 1:14-cv-06627 |
| CITY OF CHICAGO, et al., | |
|     *Defendants-Appellees*. | Joan Humphrey Lefkow, *Judge*. |

## O R D E R

Armani Bell was charged with the murder of John Lemon in January 2011 after participating in the drug deal that resulted in Mr. Lemon's death. He was acquitted of the murder in February 2014, and six months later, he filed this civil lawsuit against the City of Chicago, Chicago Police Officers Reiff and Stanek, and Chicago Police

---

[*] Of the United States District Court for the Northern District of Indiana, sitting by designation.

Department Superintendent Jody Peter Weis (collectively the "City Defendants") and claimed that they violated his civil rights, conspired against him, and maliciously prosecuted him.

Following the dismissal of his second amended complaint, Armani Bell filed this appeal challenging the court's dismissal order, the sanction order of Bell's attorney for filing a frivolous claim, and denial of Bell's motion for leave to amend and "emergency" discovery motion. We find his arguments incomplete and unpersuasive, and affirm the district court.

Bell filed three complaints in this lawsuit: his original complaint, the first amended complaint, and the second amended complaint ("SAC") which is the subject of the final judgment from which he appeals. In both his original and first amended complaints, Bell alleged that he was investigated for Lemon's death because he had been accused of an earlier shooting that involved a gun with the same firing pin characteristics. He also alleged that Officers Stanek and Reiff knew that Bell did not kill Lemon, but they demanded that he identify his friend, Berney Lockhart, as the murderer. When Bell refused to do so, the officers put Bell in a suggestive lineup, which led to him being identified and wrongfully charged with murder. Bell claimed that, by these actions, Officers Stanek and Reiff violated the equal protection and due process clauses of the U.S. Constitution, violated 42 U.S.C. § 1985(2), committed civil conspiracy, and maliciously prosecuted him. He also claimed that the City of Chicago could be held liable under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) and under an Illinois tort statute.

The City Defendants moved to dismiss Bell's original complaint, but Bell sought leave to amend and was granted an opportunity to file a first amended complaint, which he did. The City Defendants again moved to dismiss, and the district court dismissed Bell's first amended complaint for failure to state a claim. The district court permitted Bell to file a second amended complaint within twenty-one days.

Bell then filed his SAC with essentially the same claims (civil rights claims pursuant to 42 U.S.C. § 1983, civil conspiracy, and malicious prosecution), but this time he alleged that Officers Stanek and Reiff tortured and beat him to get him to identify Lockhart and omitted allegations about a suggestive lineup. The SAC also added the Fraternal Order of Police Lodge No. 7 ("FOP") as a defendant, and brought a new claim that that the FOP conspired with the City to violate Bell's equal protection rights. This

new "equal protection" claim sought relief because a collective bargaining agreement ("CBA") between the City and the FOP granted FOP members "rights over and above the rights enjoyed by other citizens in Chicago…." The City Defendants again moved under Rule 12(b)(6) to dismiss Bell's complaint, this time challenging all of Bell's federal claims as time barred. The FOP also moved to dismiss the new claim against it and sought sanctions against Bell's attorney for filing a frivolous and untimely claim.

After a full briefing of the motions to dismiss, Bell again moved for leave to file yet another amended complaint. He also filed an unusual "emergency" discovery motion which asked the district court to set aside an order issued by the Voluntary Labor Arbitration Tribunal. Bell argued that the arbitration order would result in the destruction of police disciplinary records, and preservation of all police disciplinary records was necessary to prove his current and future claims.

The district court first heard Bell's motion seeking leave to amend. The court informed Bell that it had read the motions to dismiss and his case was likely to be dismissed "for failure to file on a timely basis." The court noted that Bell's "issues about accrual of claims are just simply not correct." The court denied the motion to amend without prejudice noting that it may permit further amendment if any part of the complaint survived dismissal, but "at this point, it doesn't look real promising."

The district court next heard Bell's "emergency" discovery motion. The court denied the motion because the disciplinary records of the officers involved in Bell's case were already preserved, so the issue was moot. The court informed Bell that it did not have the power or reason to preserve records of non-party officers for future claims, and the records of Officers Stanek and Reiff were not at risk of being destroyed.

Finally, the district court dismissed the SAC, with prejudice, because it established "an ironclad defense" of untimeliness. The district court found that because Bell's federal claims were based on his arrest and murder charge in January 2011, the two-year statute of limitations expired well before Bell filed suit in August 2014. The dismissal order also granted FOP's motion for sanctions, and admonished Bell's counsel for filing a legally frivolous claim that was "so far from the mainstream of equal protection analysis that it cannot be fairly described as a nonfrivolous argument."

On appeal, Bell challenges each of the district courts' orders mentioned above. We discuss each in turn. Bell first challenges the sanctions order, arguing that this court

has no jurisdiction over the appeal of sanctions "because there was no sanction since Plaintiff-Appellant's attorney was not specifically identified" by the district court's order. He contests that "the appeal of that issue should be dismissed." Peculiarly, Bell seems to ask for dismissal of an issue he raised on appeal. Nevertheless, we find no jurisdictional issue because the district court's order is unambiguous. It sanctioned Bell's attorney, sole practitioner Lawrence (Larry) Redmond, and it stated that attorney Redmond, despite failing to name himself on the notice of appeal as required by Federal Rule of Appellate Procedure 3(c)(1)(A), intended to appeal the sanctions order against him. *See Foreman v. Wadsworth*, 844 F.3d 620, 626 (7th Cir. 2016) (finding jurisdiction where the attorney was not named on the notice of appeal, but was the only party with an interest in appealing the order of censure).

Upon review of the district court's sanctions order, we find no abuse of discretion. Redmond was specifically reminded by the district court upon dismissal of the first amended complaint that any subsequent complaint must be consistent with Rule 11. Still, Redmond filed a claim against FOP that was void of legal merit. In fact, Redmond proclaimed at oral argument that there was no support for his "augmentation of rights" claim against the FOP in any of the fifty states or in any circuit court. He admitted that he knew his claim did not fit within any equal protection jurisprudence, yet he brought his claim as an equal protection claim. While Rule 11 "does not jeopardize aggressive advocacy or legal evolution," *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989) (en banc), it does not permit claims that find no support in the law. The district court acted well within its discretion in admonishing Redmond for filing this legally frivolous claim.

Bell next challenges the district court's dismissal of the SAC. We review motions to dismiss de novo. *Vesely v. Armslist LLC*, 762 F.3d 661 (7th Cir. 2014). Bell's federal claims all stemmed from his allegation that Officers Reiff and Stanek violated his constitutional rights in January 2011 when they arrested, beat, and then charged him for murder. Bell filed his initial complaint on August 27, 2014. Therefore, because Bell's federal causes of action began accruing at the time of his murder charge, they are time-barred under the two year statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Rosado v. Gonzalez*, 832 F.3d 714 (7th Cir. 2016). As the federal claims were properly dismissed, Bell's state law claims (civil conspiracy and malicious prosecution) were properly dismissed without prejudice. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999)("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have

been dismissed prior to trial."). We note that while Bell's notice of appeal indicates that he sought to appeal the district court's order dismissing the SAC, he did not raise a single argument challenging the untimeliness of his federal claims, nor did he address the time-barred nature of his claims at oral argument.

Instead of acknowledging the merits of the district court's dismissal order, Bell argues that the district court erred by dismissing the SAC without first reviewing his third amended complaint. We consider this a challenge to the district court's denial of Bell's motion to amend, and therefore review for an abuse of discretion. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 854 (7th Cir. 2017). The district court considered Bell's requested amendment. In fact, the court denied his motion to amend six months before its dismissal order, finding that Bell's "issues about accrual of claims are just simply not correct," and the lawsuit "is going to be dismissed for failure to file on a timely basis." The third amended complaint could not cure the fatal time bar. There is no abuse of discretion where the district court denies a motion for leave to amend when the proposed amendment would not cure the deficiencies identified in the earlier complaint. *Gonzalez-Koeneke v. West*, 791 F.3d 801 (7th Cir. 2002). Such was the case here.

Finally, Bell argues that the district court erred by denying his "emergency" discovery motion. We review such a discovery motion for abuse of discretion. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001). Bell argues that "evidence clearly shows" that he is likely to be profiled by the Chicago Police Department, and police disciplinary records may be needed "in the future to file a cause of action." Although there are several problems with Bell's argument, we need not address them. Bell's lawsuit was properly dismissed with prejudice and all outstanding discovery or preservation requests are therefore moot.

We AFFIRM.