NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 4, 2020
Decided August 17, 2020

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2680

| | |
|---|---|
| UNITED STATES, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:18CR00105-001 |
| KIMBERLY HARRISON, *Defendant-Appellant.* | James D. Peterson, *Chief Judge.* |

**O R D E R**

Kimberly Harrison pleaded guilty to aiding in the preparation of false tax forms. The district court sentenced her to 21 months' imprisonment, but it deferred ruling on the amount of restitution that she owed the government. After Harrison appealed, the court entered a separate order quantifying the restitution. Harrison now argues that the restitution order is void because her notice of appeal divested the court of jurisdiction to enter it. But a district court retains jurisdiction to order restitution even after a defendant appeals a sentence of incarceration, and a defendant must file a second notice of appeal to challenge a deferred restitution order. Because Harrison did not file a second notice of appeal, we dismiss her appeal of the restitution order. And because she does not provide any reason for reversing her conviction or any other aspects of her sentence, we affirm the district court's initial judgment.

I.

Harrison ran a business as an unauthorized preparer of income tax returns. To help her clients receive larger tax refunds, she included false statements on their returns (e.g., that her clients were paying college tuition or were self-employed) and claimed tax credits for which they did not qualify. The Internal Revenue Service eventually discovered the scheme, and a grand jury indicted Harrison on 29 counts of aiding or assisting in the preparation of false tax forms, in violation of 26 U.S.C. § 7206(2). Harrison agreed to plead guilty to one count in return for the government dismissing the others.

As part of her plea agreement, Harrison also agreed to pay restitution for "all losses relating" to her illegal tax-preparation business, not just the losses associated with the count of conviction. The probation office prepared a presentence investigation report and calculated that Harrison's business cost the government more than $580,000 in lost revenue. Harrison objected, arguing that the government could verify only the losses associated with the 29 tax forms for which she had been charged (roughly $130,000), and that any losses caused by her work for other clients were speculative.

The district court held a sentencing hearing on August 14, 2019. After calculating the Sentencing Guidelines range, hearing both parties' arguments, and considering the factors listed under 18 U.S.C. § 3553(a), the court sentenced Harrison to 21 months of imprisonment and 1 year of supervised release. But because the parties could not agree on the restitution amount, the court deferred ruling on the amount of restitution so that the parties could continue to negotiate. *See* 18 U.S.C. § 3664(d)(5) (allowing district court to postpone determination of restitution up to 90 days after sentencing). The court entered a final judgment of conviction that set forth the prison sentence, the terms and conditions of supervised release, the special assessment, and the waiver of a fine. In the section of the judgment for "criminal monetary penalties," the court listed the amount of restitution for the count of conviction and the total amount as "[t]o be determined."

Harrison timely appealed the judgment and, to avoid duplicative briefing, moved in this court to stay the appeal until the district court made a final determination on the amount of restitution. Harrison cited *Manrique v. United States*, 137 S. Ct. 1266 (2017), for the procedure to apply when a district court sentences a defendant but defers judgment on restitution. (*Manrique* requires a defendant to file separate notices of appeal from each order.) We granted the motion and suspended briefing.

In the meantime, the parties conferred and stipulated that Harrison owed $ 176,207 in restitution. In December 2019, the district court accepted the stipulation and issued an order awarding that amount.

Rather than file a second notice of appeal, Harrison filed a status update in this court, explaining that the parties had reached an agreement on restitution and that Harrison would challenge only the original judgment. Harrison's lawyer later moved to withdraw, explaining that Harrison wanted "a fresh pair of eyes" to look at the case. We appointed new counsel, who briefed the appeal.

## II.

On appeal, Harrison argues only that the district court lacked jurisdiction to order restitution after she filed a notice of appeal. She does not challenge any other aspect of her conviction or sentence, except for a general argument—tacked on to the end of her reply brief and without any citation to authority—that we should grant plenary resentencing on remand. To support her argument that the restitution order is void, Harrison relies on the general rule that only one court at a time can have jurisdiction over a case, and that filing a notice of appeal divests a district court of jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Because she had already appealed the judgment, Harrison says, the district court lacked jurisdiction to order restitution.

As the government correctly points out, however, Harrison's argument is foreclosed by the Supreme Court's decisions in *Dolan v. United States*, 560 U.S. 605 (2010), and *Manrique*, 137 S. Ct. 1266. In *Dolan*, 560 U.S. at 611, the Court held that district courts retain jurisdiction to award restitution after sentencing, even if (like the district court in this case) they do so beyond the 90-day deadline set by 18 U.S.C. § 3664(d)(5). There, the Court rejected the defendant's argument that allowing delayed restitution orders would hinder defendants' ability to promptly appeal their convictions, citing several cases in which defendants appealed their convictions while final orders of restitution were outstanding and then filed a second appeal from the restitution order. *Dolan*, 560 U.S. at 616–18. The Court did not decide in *Dolan* whether this two-appeal procedure was proper or whether an initial judgment is final irrespective of any delay in determining the restitution amount. *Id.* at 618. But it highlighted "strong arguments" supporting the idea that both an initial judgment and a deferred restitution order are separately appealable: 18 U.S.C. § 3582(b) states that any judgment including a sentence of imprisonment is a "final order," and 18 U.S.C.

§ 3664(o) says the same about any "sentence that imposes an order of restitution." *Dolan*, 560 U.S. at 618.

In *Manrique*, the Court formally adopted this reasoning from *Dolan* and held that deferred-restitution cases involve two separate appealable judgments. 137 S. Ct. at 1271–73. As in this case, the district court in *Manrique* entered a final judgment while deferring a ruling on the amount of restitution, and the defendant filed his notice of appeal before the court awarded restitution. *Id*. at 1270. Because the defendant did not file a second notice of appeal from the judgment imposing restitution, the Supreme Court concluded that he could not challenge it. *Id.* at 1271–72. The requirement to file a second notice of appeal was at least a mandatory claim-processing rule, the Court explained, which had to be enforced when the government asserted it. *Id.*

Under *Dolan* and *Manrique*, Harrison's notice of appeal did not divest the district court of jurisdiction to award restitution.[1]  Instead, it was merely the first step of a three-step process in which Harrison should have (1) appealed the judgment (which was final even though the amount of restitution was yet to be quantified, *see Manrique*, 137 S. Ct. at 1272–73); (2) filed a second notice of appeal from the final restitution order, once entered; and then (3) asked us to consolidate the two appeals. *See Dolan*, 560 U.S. at 618 (collecting cases that followed this procedure). Harrison's prior counsel recognized this process when he cited *Manrique* in his request to stay briefing. But rather than file a second notice of appeal, he notified us that Harrison decided not to appeal the restitution order.

Notwithstanding prior counsel's representations, Harrison failed to acknowledge either *Dolan* or *Manrique* in her opening brief. In her reply brief, she objects to their application, but her arguments are meritless. She maintains that *Dolan* is based on faulty reasoning and contends that restitution orders should not be an exception to the general rule that a district court loses jurisdiction upon appeal. But adopting Harrison's argument would require us to overrule Supreme Court precedent, something that we lack the power to do. *See Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016). *Manrique* "squarely controls" when a district court enters an initial judgment that

---

[1]  Although not cited by the parties, at least two other circuits have also relied on *Dolan* to state in dicta that a notice of appeal does not divest a district court of jurisdiction to quantify a deferred order of restitution. *See United States v. Muzio*, 757 F.3d 1243, 1254 n.13 (11th Cir. 2014) (citing *Dolan*, 560 U.S. at 618); *United States v. Tulsiram*, 815 F.3d 114, 117 n.2 (2d Cir. 2016) (citing *Muzio*, 757 F.3d at 1254).

resolves all other sentencing issues but reserves judgment on the amount of restitution. *United States v. Collins*, 949 F.3d 1049, 1055 (7th Cir. 2020).

Also in her reply brief, Harrison challenges the restitution order on grounds other than a lack of jurisdiction: She says that the probation office failed to make a "complete accounting" of the restitution as required by 18 U.S.C. § 3664(a), that the district court deferred the restitution order without a requisite finding under § 3664(d)(5) that the losses were "not ascertainable," and that the district court ordered restitution outside of Harrison's physical presence in violation of Federal Rule of Criminal Procedure 43(a)(3). But Harrison waived any challenge to the restitution amount when she stipulated to it, and she waived any procedural objections when she failed to raise them in her opening brief, *see Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019), and when her prior counsel affirmatively disavowed any challenge to restitution.

Waiver aside, Harrison cannot challenge the restitution order because she did not file a second notice of appeal. *See Manrique*, 137 S. Ct. at 1274; *Collins*, 949 F.3d at 1055. Harrison acknowledges this problem but argues that we should overlook it because, unlike the defendant in *Manrique*, she missed the restitution hearing because of illness and may not have known to file a second notice of appeal. But Harrison's then-lawyer knew the rule, and he represented to us (and opposing counsel) that Harrison decided not to appeal the restitution order after it was entered. Nothing in the record suggests that her illness or absence at the hearing were related to that decision. In any case, a court of appeals may, in its discretion, overlook defects in a notice of appeal *other* than the failure to file it in time. But it surely "may not overlook the failure to file a notice of appeal at all." *Manrique*, 137 S. Ct. at 1274.

\* \* \*

We AFFIRM the district court's initial entry of judgment because Harrison provides no reason for reversing it, and we DISMISS Harrison's appeal of the restitution order.